**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| GOMESINDO MENDEZ,       ) | | |
|     ID # 39506-177,            ) | | |
|         Movant,           ) | | No. 3:12-CV-4261-D-BH |
| vs.                          ) | | No. 3:09-CR-0318-D (02) |
|         ) | | |
| UNITED STATES OF AMERICA,  ) | | |
|         Respondent.       ) | | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody*, filed October 22, 2012 (doc. 2), should be **DENIED** with prejudice.

**I.  BACKGROUND**

Gomesindo Mendez(Movant) challenges his federal conviction and sentence in Cause No. 3:09-CR-0318-D(02). The respondent is the United States of America (Government).

**A.**   **Plea and Sentencing**

Movant was charged by indictment with conspiracy to possess with intent to distribute more than five kilograms of methamphetamine in violation of 21 U.S.C. § 846. (*See* Indictment). On June 28, 2010, he pled guilty. (*See* docs. 93, 94, 147).[1] In the plea agreement, he waived the right to contest his conviction and sentence in any direct appeal or collateral proceeding, except to bring a direct appeal challenging his sentence as either exceeding the statutory maximum punishment or having been calculated by way of an arithmetic error or to challenge the voluntariness of his plea or waiver and to bring a claim of ineffective assistance of counsel. (doc. 93 at 4). Movant

---

[1]   All document numbers refer to the docket number assigned in the underlying criminal action.

acknowledged this waiver during the rearraignment hearing. (doc. 147 at 15-16). He also signed a factual resume admitting facts sufficient to support his plea. (*See* doc. 94).

The probation office prepared a pre-sentence report (PSR) that contained a two-level enhancement for a firearm found in the vehicle in which movant and his co-conspirators were arrested. (PSR ¶ 28). Movant's attorney objected to this enhancement as well as the drug quantity used to compute the sentencing guideline, and the lack of an additional one-level reduction for the acceptance of responsibility in addition to the two levels recommended. (*See* Objections to PSR, doc. 99). At the sentencing hearing on October 29, 2010, defense counsel made an oral motion to withdraw movant's guilty plea, and the motion was denied. The Court overruled counsel's objections and adopted the PSR, except that it declined to give movant a two-level downward departure for acceptance of responsibility because he stated during the sentencing hearing that he was not guilty of the offense. (doc. 143 at 9-10, 17). The resulting guideline calculation was an offense level of 38 with a sentencing range of 262 to 327 months and the Court sentenced movant to 262 months imprisonment. (*See* Judgment, doc. 127; doc. 143 at 17-18).

Movant appealed his conviction and sentence to the Fifth Circuit, and asserted that the district court had erred in denying his motion to withdraw his appeal and in imposing a sentencing enhancement based on a firearm. The Fifth Circuit affirmed his conviction and sentence on October 26, 2011. *United States v. Mendez*, 447 Fed. App'x 577 (5th Cir. Octo. 26, 2011). He did not file a petition for writ of certiorari with the Supreme Court.

**B.     Substantive Claims**

Movant claims that his trial counsel was ineffective for failing to argue at sentencing that the government had breached the plea agreement and that his plea was involuntary because of this breach. (Motion at 5, 7; Brief at 6). He also claims that his appellate counsel was ineffective by

2

failing to file a reply brief addressing the government's contention that he had waived his right to appeal the firearm enhancement and by failing to raise arguments that were permitted by the appeal waiver. (Motion at 4; Brief at 4-5). The government filed a response on December 10, 2012. (*See* Resp. Opp'n Mot. ("Resp.")). Movant filed a reply on January 2, 2013.

## II. SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

## III. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Movant claims that his trial attorney provided ineffective assistance of counsel for failing

3

to argue at sentencing that the government had breached the plea agreement and that his plea was therefore involuntary.

The Sixth Amendment to the United States Constitution provides in part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his or her defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The *Strickland* test applies when a prisoner alleges denial of effective assistance of counsel in the context of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985).

When a prisoner challenges his plea based on ineffective assistance of counsel, the "prejudice" requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 58. To satisfy this requirement in the plea context, the prisoner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* To show prejudice in the sentencing context, the movant must demonstrate that the alleged deficiency of counsel created a reasonable probability that his sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). The second prong of *Strickland* is not satisfied by mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are also insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-

76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

### A. **Breach of Plea Agreement**

Movant first asserts that counsel was ineffective for failing to argue that the government breached the plea agreement. He claims he pled guilty to conspiracy to possess with intent to deliver five kilograms or more of cocaine, but his sentencing range was determined based on the addition of an enhancement for the use of a firearm even though the factual resume did not discuss the firearm. (Factual Resume (doc. 94) at 2-3; PSR ¶¶ 17, 28).[2] As a result, the government breached the following paragraph of the plea agreement:

> The government will not bring any additional charges against Mendez based upon the conduct underlying and related to the defendant's plea of guilty. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Mendoza-Cano or any property.

(doc. 93 at 3).

Movant has failed to establish that the government breached the plea agreement. First, movant signed a plea agreement stating that the range of punishment was five years to forty years, that his sentence would be imposed by the court after consideration of the sentencing guidelines, that the sentencing guidelines were not mandatory, that the guideline range had not yet been determined, and that he could not withdraw his guilty plea if his sentence was higher than he expected, and he

---

[2] Movant does not argue that the government breached the plea agreement based on the amount of methamphetamine for which he was held accountable, 603.2 grams. (PSR ¶ 27).

was advised of these terms when he pled guilty. (doc. 93 at 2-3, doc. 147 at 11, 13-16). Second, it was the probation officer, and not the prosecuting attorney, who wrote the PSR that determined movant's sentencing range based in part on the fact that a loaded firearm was found in the vehicle in which movant was arrested. Pursuant to United States Sentencing Guideline § 2D1.1, in determining the sentencing range, the probation officer was required to increase movant's sentencing guideline range two levels if a dangerous weapon was possessed. *See* United States Sentencing Guidelines, § 2D1.1(b)(1) (West 2009). Third, the Fifth Circuit has specifically held that a prosecutor does not breach an agreement not to prosecute other crimes by informing the court of mitigating and aggravating factors in the determination of the sentence or by seeking to enhance the sentence based on the defendant's non-adjudicated conduct. *United States v. Rodriguez*, 925 F.2d 107, 112 (5th Cir. 1991); *United States v. Barbara-Maldonado*, 452 Fed. App'x 525, 526 (5th Cir. Dec. 6, 2011). Finally, trial counsel did object to the firearm enhancement, but this objection was overruled by the district court. (doc. 147 at 9). Because the government did not breach the plea agreement, trial counsel was not ineffective for failing to object on this basis. *See Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point.").

**B. Voluntariness of Plea**

Movant has also not demonstrated that his guilty plea was involuntary because of the firearm enhancement. "The voluntariness of a plea is determined by 'considering all of the relevant circumstances surrounding it.'" *Fischer v. Wainwright*, 584 F.2d 691, 693 (5th Cir. 1978) (quoting *Brady v. United States*, 397 U.S. 742, 749 (1970)). A plea qualifies as intelligent when the criminal defendant enters it after receiving "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." *Bousley v. United States*, 523 U.S.

614, 618 (1998) (quoting *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)). "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review." *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) (*en banc*), *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981).

Here, movant was informed of the charge against him. He was also informed via his signed plea agreement and at his plea hearing that the punishment range was unknown, but that his possible sentence would be at least five years and up to forty years imprisonment. (doc. 93 at 2; doc. 147 at 11). When he pled guilty, movant stated under oath that no one had predicted or promised him a particular sentence, that he understood that the district judge alone would decide the sentence, that the judge would consult the advisory sentencing guidelines although they were not binding on him, and that any opinion his attorney gave him concerning the sentencing guidelines was not a guarantee or promise. He further testified that he understood that the sentencing guideline range would not be determined until after the PSR was completed, and that no one could therefore predict in advance what the sentence would be. (doc. 147 at 13-15). Movant's guilty plea was knowing and voluntary, and defense counsel was not ineffective for failing to argue to the contrary. Movant's claims of ineffective assistance of trial counsel should be denied.

### IV. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Movant asserts his appellate counsel was ineffective by failing to file a reply brief after the government raised the issue of his waiver of his appellate rights, and by failing to raise arguments that were permitted by the appeal waiver. (Mem. at 7; Reply at 4-5). He claims that counsel could have argued that the government breached the plea agreement. (Reply at 5).

The federal constitution also guarantees a criminal defendant the effective assistance of

counsel on appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Whether appellate counsel has been ineffective is also determined by using the standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, petitioner must show a reasonable probability that but for his counsel's deficient representation, he would have prevailed on his appeal. *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).

To render effective assistance of counsel, appellate counsel need not raise every non-frivolous issue on appeal. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "Instead, to be deficient, the decision not to raise an issue must fall 'below an objective standard of reasonableness.'" *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000) (quoting *Strickland*, 466 U.S. at 688). "[A] reasonable attorney has an obligation to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful. Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." *Williamson*, 183 F.3d at 462-63 (footnote and citations omitted). To determine whether appellate counsel was deficient, courts must consider whether the challenge "would have been sufficiently meritorious such that [counsel] should have raised it on appeal." *Phillips*, 210 F.3d at 348.

Movant's appellate counsel filed a direct appeal brief arguing that the district court had erred in denying movant's motion at the sentencing hearing to withdraw his guilty plea and that it had abused its discretion in applying the firearm enhancement. (Resp. App'x at 8). The government responded, in relevant part, that movant had waived his right to appeal the firearm enhancement; appellate counsel did not file a reply brief addressing the waiver argument. *Mendez*, slip op. at *2. The Fifth Circuit affirmed movant's conviction and sentence, ruling that movant was not entitled to withdraw his plea, and that the second argument was foreclosed by movant's limited waiver of his right to appeal. *Id.* It also cautioned appellate counsel that raising an issue on appeal contrary

to a valid appellate waiver, and failing to address the waiver in a reply brief after it was raised by the government, could lead to sanctions as a waste of judicial resources. *Id.*

Assuming for purposes of the petition that appellate counsel's performance was deficient based on the failure to file a reply brief or raise the issues not foreclosed by the waiver, movant has failed to establish any prejudice. He has failed to establish a reasonable probability that he would have prevailed on appeal either because his appeal waiver was invalid, or because there was any nonfrivolous issue that counsel could have raised. First, he signed a plea agreement in which he acknowledged that he was waiving his right to appeal most issues. (doc. 93 at 4). The Court reviewed this waiver with movant in some detail when he pled guilty. (doc. 147 at 15-16). Movant has failed to establish that this waiver was involuntary. Second, the plea agreement provides that he only reserved the right to appeal a sentence exceeding the statutory maximum punishment or resulting from an arithmetic error, and that he only reserved the right to challenge the voluntariness of his plea or the waiver of the right to appeal. Movant has not demonstrated a reasonable probability that he would have prevailed on appeal had appellate counsel raised another claim permitted by the waiver. His sentence did not exceed the statutory maximum of forty years and was not calculated incorrectly, and movant has failed to demonstrate that his plea was an involuntary one or that the government breached the plea agreement. Appellate counsel was not ineffective in this regard. *See Blanton v. Quarterman*, 543 F.3d 230, 245 (5th Cir. 2008) (holding that to show prejudice from a failure to raise an issue on appeal, movant must show a reasonable probability "that the outcome on appeal would have changed" but for the deficiency of counsel). Movant's claims of ineffective assistance of appellate counsel should be denied.

### V. EVIDENTIARY HEARING

Upon review of the motion to vacate and the files and records of this case, an evidentiary

hearing appears unnecessary. No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Here, the record conclusively shows that movant is entitled to no relief.

## VI. RECOMMENDATION

The *Motion to Vacate, Set Aside, or Correct Sentence* pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SIGNED this 22nd day of May, 2013.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE